IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SILIPOS, INC., <br> a Delaware corporation, <br> 7049 Williams Road <br> Niagara Falls, NY 14304, and <br><br> *Plaintiff,* <br><br> v. <br><br> PEDIFIX, INC. <br> a New York corporation, <br> 310 Guinea Road <br> Brewster, NY 10509-2651, <br><br> *Defendant,* and <br><br> GERALD P. ZOOK, D.P.M., R. Ph., <br> an individual, <br> 802 W. 18th Place <br> Eugene OR 97402, <br><br> *Involuntary Defendant-Patentee.* | JUDGE KARAS <br><br> '07 CIV 6727 <br><br> CASE NO. _____ <br><br> JURY TRIAL DEMANDED <br><br> ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT <br><br>  |

Plaintiff Silipos, Inc. ("Silipos"), by and through counsel, and via the joinder of Involuntary Defendant-Patentee Gerald P. Zook, D.P.M., R. Ph. ("Zook"), file this Original Complaint against PediFix, Inc. ("PediFix" or "Defendant"), alleging as follows:

### THE PARTIES

1. Silipos is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 7049 Williams Road, Niagara Falls, NY 14303;

2. Upon information and belief, Zook is an individual who resides at 802 W. 18th Place, Eugene OR 97402;

3. Upon information and belief, PediFix is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 310 Guinea Road, Brewster, NY 10509-2651;

4. Upon further information and belief, PediFix is doing business in this judicial district, in the State of New York, and elsewhere throughout the United States;

## JURISDICTION AND VENUE

5. Plaintiff brings this action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*;

6. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a);

7. Upon information and belief, this Court has personal jurisdiction over the Defendant in that it has committed acts within the State of New York and in this judicial district, and in other judicial districts throughout the United States, which give rise to this action, it regularly conducts business in this judicial district, and it has established minimum contacts with the forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice;

8. Upon information and belief, Defendant has committed acts within this judicial district giving rise to this action including, but not limited to, making products, making sales, making offers for sale, providing service and support to its respective customers, and regularly conducting business. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b);

9. Upon information and belief, this Court has personal jurisdiction over Zook because (i) he has transacted business within the State of New York, (ii) the subject

matter of the underlying suit arises from such transaction of business by Zook within the State of New York, (iii) he has agreed to submit to the jurisdiction of this Court by contract, (iv) he has purposely directed such transaction of business toward the State of New York, with reasonable expectation that he might be required to appear in Court within the forum, and (v) he has established minimum contacts with the forum such that the exercise of jurisdiction over Zook would not offend traditional notions of fair play and substantial justice (NY CPLR 302);

## BACKGROUND

10.     U.S. Patent No. 5,497,789 ("the '789 Patent"), entitled "Foot Protector Incorporating A Viscoelastic Gel," was duly and legally issued from the U.S. Patent and Trademark Office ("PTO") on March 12, 1996, in the name of inventor Gerald P. Zook, who is the same individual listed in paragraph 2 of this Original Complaint and who is an involuntary defendant in this action (referred to also from time-to-time as "the inventor" or "inventor Zook").  A true and correct copy of the '789 Patent is attached as Exhibit A;

11.     On information and belief, inventor Zook is the owner of all right, title, and interest in and to the '789 Patent.  As such, inventor Zook may be joined as a party to this action and, as inventor Zook, upon information and belief, refuses to voluntarily join as a party plaintiff in this action, is properly joined at this time as an involuntary defendant;

12.     On or about January 1, 1997, inventor Zook and Silipos entered into a written license agreement which granted to Silipos, among other things, exclusive rights from the inventor in and to the '789 Patent, including the right to sue for infringement of the '789 Patent (the "Zook License Agreement");

13. From time-to-time since the inception of the Zook License Agreement, Silipos has made, and / or has had made on its behalf, products that have been sold and / or offered for sale in the United States, which included an appropriate marking, under 35 U.S.C. 287(a), regarding the '789 Patent, such as "Digital Pads™ on a Strip" (Product No. 1106); "Silopad™ Gel Tubing" (Part No. 10875), and "Silopad™ Digital Cap" (Part No. 10195);

14. On July 26, 2007, Silipos sent a letter to Defendant by overnight courier and by contemporaneous email advising Defendant that, among other things, its products, including but not limited to those products known as (i) PediFix Visco-GEL® Corn Protectors (Item #P81 - UPC 0-92437-81162-5) (http://www.pedifix.com/Products_CornCallus.htm), (ii) PediFix Visco-GEL® Toe Protector (Item #P82 - UPC 0-92437-81820-4) (http://www.pedifix.com/Products_Toe Comforters.htm), and (iii) PediFix GelSmart Soft Polymer Ribbed Digit Caps (Item #1050-4 Small / Medium Mgel 4/pk, infringe the '789 Patent. A copy of the '789 Patent was included with the letter;

## COUNT I - INFRINGEMENT OF THE '789 PATENT

15. Plaintiff repeats and realleges each of the allegations in paragraphs 1 through 14 of this Original Complaint, as if fully set forth herein;

16. Upon information and belief, Defendant has and is continuing to infringe, contribute to the infringement of, and / or induce the infringement of, one or more claims of the '789 Patent, all without the consent or authorization of Plaintiff;

17. Upon information and belief, the infringing acts include, but are not limited to, the manufacture, use, sale, or offer for sale in the United States, and / or importation into the United States, of such products known as the (i) PediFix Visco-GEL® Corn

Protectors (Item #P81 - UPC 0-92437-81162-5) (http://www.pedifix.com/Products_CornCallus.htm), (ii) PediFix Visco-GEL® Toe Protector (Item #P82 - UPC 0-92437-81820-4) (http://www.pedifix.com/Products_ToeComforters.htm), and (iii) PediFix GelSmart Soft Polymer Ribbed Digit Caps (Item #1050-4 Small / Medium Mgel 4/pk;

18. As a proximate result of Defendant's aforesaid acts and conduct, Plaintiff's businesses and profits have been damaged in an amount to be determined at trial;

19. Further, by reason of Defendant's aforesaid acts and conduct, Plaintiff has suffered, is suffering, and will continue to suffer, irreparable harm and damage for which Plaintiff has no adequate remedy at law, and unless Defendant is enjoined from continuing its wrongful acts, the harm and damage to Plaintiff will continue and increase, thus resulting in further irreparable harm to Plaintiff;

20. As a result of the foregoing, Plaintiff is entitled to recover from Defendant damages adequate to compensate for the infringement; and

21. Upon information and belief, Defendant's infringement has been willful, wanton, and deliberate, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and that this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**DEMAND AND REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Silipos prays that this Court enter judgment in its favor against Defendant and grant the following relief:

    A.    Decree that Zook should be re-aligned as a co-plaintiff in this action;

B.  Adjudge and decree that Defendant has been and is currently infringing, inducing others to infringe, and committing acts of contributory infringement, with respect to the '789 Patent;

C.  Preliminarily and permanently enjoin Defendant, its officers, agents, servants, employees, attorneys, parent and subsidiary entities, assigns and successors in interest, and all those persons acting in concert with them, or on their behalf or within their control, including but not limited to related individuals and entities, customers, representatives, distributors, and dealers, from continued infringement of the '789 Patent;

D.  Order Defendant to send written notification to each of its customers, representatives, distributors, and dealers for the accused products, advising them of the entry of the Injunction and Order set forth above, and requesting that the accused products be returned to Defendant;

E.  Order Defendant to deliver up for destruction any and all infringing products;

F.  Adjudge and decree that Defendant's infringement and active inducement of infringement were willful;

G.  Grant Plaintiff compensatory and all other damages in an amount to be determined at trial, including both pre-judgment and post-judgment interest;

H.  Award Plaintiff treble damages pursuant to 35 U.S.C. § 284;

I.  Adjudge and decree that this an exceptional case and award Plaintiff interest, costs, and disbursements in this action, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

J.  Award Plaintiff all costs of suit; and

K.  Award Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury of all issues so triable in this action.

Dated: July 26, 2007

Respectfully submitted,

**DARBY & DARBY P.C.**

By: _____
Steven E. Lipman, Esq.  (SL-9395)
Angela Ni, Esq.  (AN-1022)
7 World Trade Center
250 Greenwich Street
New York, NY  10007
Tel:  212.527.7700
Fax:  212.527.7701
Email: slipman@darbylaw.com
       ani@darbylaw.com

**COUNSEL FOR PLAINTIFF
SILIPOS, INC.**